UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11995-RGS

JOSE DUARTE

v.

KOKI HOLDINGS AMERICA, LTD.

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

November 27, 2018

STEARNS, D.J.

Jose Duarte brought this lawsuit on July 19, 2018, in Middlesex Superior Court against Hitachi Koki U.S.A., Ltd.[1] for damages allegedly caused by an Hitachi table saw. The Complaint sets out two claims against Koki: negligence (Count I) and breach of implied warranty (Count II). Koki removed the case to federal court and now moves to dismiss the Complaint for lack of personal jurisdiction.[2] For the reasons to be explained, Koki's motion to dismiss will be denied.

---

[1] On October 22, 2018, the court granted defendant's motion to substitute its name for Koki Holdings America, Ltd. (Koki).

[2] Koki is a Delaware corporation with a principal place of business in Georgia. Duarte is a resident of Massachusetts. Compl. ¶¶ 2-3.

# BACKGROUND

The facts, as alleged in the Complaint, are as follows. In July of 2015, Duarte's employer bought an Hitachi table saw in Massachusetts likely distributed through a Lowe's warehouse in Connecticut. On July 27, 2015, Duarte injured himself using the saw at work. He suffered "severe and disfiguring personal injuries." Compl. ¶ 1. Duarte alleges that Koki was aware of safer table saw designs that it failed to incorporate in its saw. For instance, Koki could have built in a "dead man's" switch "that would stop a power saw blade almost instantly upon contact with human flesh." *Id*. ¶ 9.

Koki argues, however, that the court lacks personal jurisdiction over it. As a Delaware corporation with a principal place of business in Georgia, Koki states that it has no presence in Massachusetts. Koki is not registered, licensed, or authorized to do business in Massachusetts, nor does it have property or offices in the Commonwealth. Koki does not currently have any employees in Massachusetts. However, in July of 2015, Koki's Northeast Account Executive resided in Massachusetts where he worked out of his home office. His territory included Massachusetts. Koki distributed a majority of the disputed table saws to Lowe's, including a Lowe's distribution center in Connecticut.

**DISCUSSION**

"A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." *Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." *Massachusetts Sch. of Law at Andover, Inc.*, 142 F.3d at 34.

Duarte does not argue, nor do the facts suggest, that the court has general jurisdiction over Koki. Duarte relies instead on a claim of specific jurisdiction. Since Koki challenges the court's jurisdiction, Duarte bears the burden of proving the existence of personal jurisdiction. *See Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995) ("When a court's jurisdiction is contested, the plaintiff bears the burden of proving that jurisdiction lies in the forum state."); *Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008) ("The

plaintiff bears the burden of proving the court's personal jurisdiction over a defendant.") (citation omitted).

"When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the 'prima facie' standard governs its determination." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). Under this standard, the court will "take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." *Mass. Sch. of Law at Andover, Inc.*, 142 F.3d at 34; *see also Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 84 (1st Cir. 1997) ("[A] district court does not act as a factfinder; to the contrary, it ascertains only whether the facts duly proffered, fully credited, support the exercise of personal jurisdiction.").

In order to exercise personal jurisdiction over a defendant, the court must find sufficient contacts between the defendant and the forum to satisfy both the state's long-arm statute and the due process clause of the Fourteenth Amendment. *Sawtelle*, 70 F.3d at 1387; *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir. 1994). "[T]he Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute as an assertion of jurisdiction over the person to the limits allowed by the

Constitution of the United States." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008) (citations omitted). That being the case, it is appropriate to dispense with the statutory inquiry and "proceed directly to the constitutional analysis." *Id.; see also Sawtelle*, 70 F.3d at 1388 ("[W]hen a state's long-arm statute is coextensive with the outer limits of due process, the court's attention properly turns to the issue of whether the exercise of personal jurisdiction comports with federal constitutional standards"). The First Circuit's constitutional test for determining specific jurisdiction has "three distinct components, namely, relatedness, purposeful availment (sometimes called minimum contacts), and reasonableness." *Hannon*, 524 F.3d at 282 (citation omitted).

### *Relatedness*

First, to satisfy relatedness, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 61 (1st Cir. 2002) (citation omitted). "[T]he relatedness test is a 'flexible, relaxed standard.'" *N. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 25 (1st Cir. 2005) (citation omitted). Duarte has satisfied this test by showing that Koki distributed the saw to Lowe's and employed a sales representative in Massachusetts. *See Lewis v. Dimeo Const. Co.*, 2015 WL 3407605, at *4 (D.

Mass. 2015) ("Here, relatedness is satisfied by [the defendant's] introduction of the product that eventually injured [the plaintiff] into the market, together with its efforts to ensure a distribution network for that product in Massachusetts . . . ."); *Micheli v. Techtronic Indus. Co., Ltd.*, 2012 WL 6087383, at *9 (D. Mass. 2013) ("In stream-of-commerce cases, 'the jurisdictional hitch . . . comes from the requirement of purposeful availment.'") (citation omitted). Koki introduced the table saw into Massachusetts by distributing it to a Lowe's distribution center in Connecticut. Duarte, in turn, injured himself using the saw at work in Massachusetts. The relatedness element of this test is thus satisfied.

### *Purposeful Availment*

Second, "the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." *Daynard*, 290 F.3d at 61 (citation omitted). In stream-of-commerce cases, like this one, "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 112 (1987). Accordingly, the court must consider whether

Koki engaged in any "[a]dditional conduct" that demonstrates an "intent or purpose" to serve the market in Massachusetts, *id.*, "such as special state-related design, advertising, advice, marketing, or anything else." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 889 (2011) (Breyer, J., concurring).

Koki argues that its placement of the table saw into the stream of commerce with knowledge that it could find its way into Massachusetts does not satisfy the purposeful availment test. However, there is evidence that Koki engaged in conduct intended to develop and serve the Massachusetts market. First, Koki's Northeast Account Executive, whose territory included Massachusetts, worked and resided in Massachusetts at the time of the injury. Second, Koki distributed power tools like the disputed saw to Lowe's, a national retailer, and specifically sold its products to the Lowe's distribution center in Connecticut knowing that it serviced Lowe's retail outlets in Massachusetts. *See Hilsinger Co. v. FBW Investments*, 109 F. Supp. 3d 409, 428 (D. Mass. 2015) (finding purposeful availment where, among other things, the defendant "intend[ed] for its product to be sold wherever Walmart and Sears have stores and wherever Amazon.com sells to consumers – including Massachusetts"). Here, Koki did more than simply launch its products into the stream of commerce: it purposefully set them on a sure course to retailers in Massachusetts.

***Reasonableness***

Third, "the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." *Daynard*, 290 F.3d at 62 (citation omitted). These factors are: "(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." *United Elec., Radio & Mach. Workers*, 960 F.2d at 1088, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Here, the Gestalt factors support the conclusion that jurisdiction is reasonable. Since Koki does not challenge the reasonableness prong, it has not demonstrated that the exercise of jurisdiction in Massachusetts "is onerous in a special, unusual, or other constitutionally significant way." *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 718 (1st Cir. 1996) (citation omitted). Massachusetts has an interest in adjudicating this dispute because Duarte was injured and currently resides in the state. *See id.* at 719 ("Massachusetts has an interest in protecting its citizens from out-of-state providers of goods and services as well as affording its citizens a convenient forum in which to bring their claims."). The court also affords deference to

Duarte's choice of forum.  *See Sawtelle*, 70 F.3d at 1395 ("[A] plaintiff's choice of forum must be accorded a degree of deference with respect to the issue of its own convenience.").  In sum, Duarte has met his burden of proving that the court has specific jurisdiction, as there is a demonstrable nexus between his claims and Koki's activities in Massachusetts.

## ORDER

For the foregoing reasons, Koki's motion to dismiss the Complaint for lack of personal jurisdiction is <u>DENIED</u>.

SO ORDERED.

<u>/s/ Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE